# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. S. VIKJORD, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00675-OWW-DLB (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.  Screening Order

    A.    Screening Requirement

Plaintiff Michael Gonzales ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 4, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious;" that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) & (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A court may dismiss a complaint only if it is clear that no relief could be granted under

any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Summary of Plaintiff's Complaint

Plaintiff is an inmate currently housed at the California Department of Corrections and Rehabilitation State Prison in Corcoran, California. Plaintiff names as defendants: Correction Officers B. Vikjord, and M. Castro; Sergeant R. Juarez; and "Medical Staff John Doe." Plaintiff is seeking compensatory and punitive damages, and injunctive relief.

Because plaintiff sets forth all of his complaint narrative form, without specifying his claims for relief, some difficulty in ascertaining the precise claims plaintiff is alleging results.

Plaintiff appears to allege that he was assaulted by Vikjord, was subsequently denied medical care, and that the grievances he filed on the incident(s) were mishandled.

C.   Plaintiff's Section 1983 Claims

Based on the allegations in plaintiff's complaint, he may be able to plead some claims for relief under section 1983, that are not yet cognizable to the court. However, a number of the events complained of by plaintiff, as plead, do not rise to the level of constitutional violations.

The court will provide plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a) and sets forth for each defendant's name, what action that defendant took or failed to take, and why (e.g., to retaliate against plaintiff for filing inmate grievances). In

the subsections that follow, the court will provide plaintiff with the legal standards that, based on plaintiff's allegations, appear to be applicable. Plaintiff should utilize the legal standards provided in this order for guidance when filing his amended complaint.

### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In order to proceed under section 1983, plaintiff must allege sufficient facts to support a claim that *each* defendant named in the complaint either acted or failed to act in a manner that was adverse to plaintiff and that the defendant(s) did so in retaliation against plaintiff for either litigating in court or filing inmate grievances. Plaintiff is cautioned that in his amended complaint, he must clearly identify what actions or omissions led to the violation of his rights and which defendants were responsible for the acts or omissions.

In his complaint, plaintiff names Castro as a defendant both in the captions and on page 3 of the court's form. However, plaintiff fails to allege any facts to substantiate any claims of wrongdoing by Castro within the statement of facts of his complaint. Therefore, since plaintiff failed to allege any wrongdoing by Castro, he is dismissed.

2.     Excessive Force

It appears that Plaintiff alleges two incidents of use of excessive force.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). An officer can be held liable for failing to intercede only if he had a "realistic opportunity" to intercede.

4

Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000).

Plaintiff alleges that: (1) on September 6, 2006, while escorted back from getting a haircut, Vikjord squeezed and jerked his arm, and banged plaintiff into the wall causing plaintiff's brow to bruise and swell; and (2) on February 21, 2007, again while escorting plaintiff, Vikjord verbally barraged plaintiff such that, after being placed in the holding cage on the yard, plaintiff let saliva fall as if slobbering, Sergeant Juarez opened the door, Vikjord entered, grabbed plaintiff, spun him around, grabbed his hair and smashed his head into the asphalt, "the other officer" smashed the left side of plaintiff's head into the "floor" [sic], smashed his head into the asphalt, kneed him, twisted his arms, and Vikjord hit plaintiff's right brow with the end of a flashlight.

Thus, plaintiff has stated a prima facie claim for use of excessive force by Vikjord. However, it is unclear to the court as to the name of "the other officer" who entered and smashed the left side of plaintiff's head into the floor. Plaintiff might have intended "the other officer" to implicate Juarez, but the court is unable to make that leap, since plaintiff previously identified Juarez as being a sergeant, not an officer. Therefore, plaintiff must properly name and/or identify all actors whom he feels used excessive force against him.

### 3. Medical Needs

Plaintiff alleges that after the incident on February 21, 2007, he was escorted back to the rotunda where the MTA or nurse (who refused to give his name to plaintiff) denied plaintiff's request for stitches and an x-ray, while opening and closing the cut, laughing and joking about plaintiff's injury, and telling plaintiff not to go to sleep or he might not wake up.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than

conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.
A prison official does not act in a deliberately indifferent manner unless the official "knows of
and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a
prisoner's civil rights have been abridged, "the indifference to his medical needs must be
substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing
Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or
treating a medical condition does not state a valid claim of medical mistreatment under the
Eighth Amendment.  Medical malpractice does not become a constitutional violation merely
because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.
County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050
(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136
(9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate
indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of
deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or
delaying access to medical care or intentionally interfering with the treatment once prescribed.
Estelle v. Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving
medical treatment, the prisoner must allege that the delay led to further injury.  McGuckin v.
Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v.
Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs,
766 F.2d 404, 407 (9th Cir. 1985).

The court finds that, as stated, plaintiff's contentions against the MTA or nurse do not
satisfy the requirements for showing deliberate indifference which caused a delay so as to lead to
further injury.  Plaintiff also failed to show that any delay in treatment led to further injury.
Thus, plaintiff has failed to state a claim under the Eighth Amendment for violation of his

constitutional rights for deliberate indifference to his serious medical needs.

        4.        Due Process - Property

Plaintiff alleges that on September 6, 2006 "Vikjord, et al. went to [his] cell and trashed it." Doc. 1, pg. 5.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

The court is unable to tell whether plaintiff is alleging that any of his personal property was destroyed in this incident. In the sentence immediately prior to that quoted herein above, plaintiff named officers B. Vikjord, K. Frescura, and Price. However, plaintiff did not name Frescura and Price in the captions of his complaint, nor did he name them as defendants on pages one or three of the court's form. Thus, the court is unable to ascertain whether plaintiff is making claims against Frescura and Price, or if his claims regarding his cell being "trashed" attach only to Vikjord.

Plaintiff has also not alleged sufficient facts for the court to determine whether the deprivation was authorized or unauthorized. Further, in the event that the destruction was authorized and therefore actionable under section 1983, plaintiff has not alleged any facts suggesting that he was deprived of due process. As long as plaintiff was provided with process, prison officials may deprive him of his property.

        5.        Interference with Plaintiff's use of the Prison Grievance System

To the extent plaintiff attempts to state a claim relating to the processing of his use of the

grievance system within the prison, plaintiff is advised that, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); Sandin v. Conner, 515 U.S. 472, 484 (1995) (Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). The failure to process a grievance does not state a constitutional violation, and a prison official's involvement and actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. There is no constitutionally protected right to an appeals process and there is no constitutionally protected right to a particular outcome. Even if interference with plaintiff's use of the prison grievance occurred so as to cause his claims to be dismissed as untimely, defendants' actions in interference with and/or reviewing and issuing decisions on the appeals do not provide a basis upon which to impose liability under section 1983. Therefore, any claims plaintiff is attempting to assert, regarding the interference with his use of the prison grievance system do not rise to the level of a protected constitutional right.

      6.    Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in these activities. However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin, 367 F.3d at 1171 (retaliatory placement in administrative segregation for filing grievances); Bruce, 351 F.3d at 1288 (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt, 65 F.3d at 806 (retaliatory prison transfer and double-cell status); Valandingham, 866 F.2d at 1138 (inmate labeled a snitch and approached by other inmates and threatened with harm as a result); Rizzo, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and transfer to a different prison).

Plaintiff is clearly concerned about retaliation activities as his prayer for relief requests "[a] preliminary and permanent injunction prohibiting the defendants, their successors in office, their agents, or other employees aiding or abetting him from harassing, threatening, assaulting,

9

retaliating, or writing false reports against the plaintiff for filing this suit." However, the court is unable to ascertain whether plaintiff is alleging that any of the facts stated in his complaint allegedly occurred in retaliation for plaintiff's use of the grievance system. As phrased, plaintiff has failed to allege sufficient facts against any defendant actors to rise to the level of a violation of plaintiff's constitutional right to freedom from retaliation.

### 7.  Supervisory Liability Claim

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Although plaintiff names Sergeant Juarez as a defendant, plaintiff has not alleged any facts as to actions attributable to Sergeant Juarez that give rise to a claim for relief under section 1983 against him. Plaintiff merely states that Sergeant Juarez opened the door to the holding cell and told plaintiff to turn around. These actions in and of themselves fail to implicate Sergeant Juarez: for personally participating in the constitutional violations; for knowing of the violations and failing to act to prevent them; or for promulgating or "implement[ing] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, the complaint is devoid of allegations upon which a supervisory liability claim may be based against Sergeant Juarez

II.     Conclusion

For the reasons set forth above, plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only on the claims identified by the court as viable/cognizable in this order; and

4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **January 25, 2008**        /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE